# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DeMARQUEIS JOHNSON, AIS# 178713, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No.  2:20-cv-00853-MHH-HNJ )  |
| LEON BOLLING, Warden, et al., | ) ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

The magistrate judge entered a report and recommendation on July 13, 2021, recommending the defendants' special report be treated as a motion for summary judgment and recommending that the motion be granted on Mr. Johnson's due process claims against all defendants and granted in part and denied in part on Mr. Johnson's excessive force claims.  (Doc. 45).  The magistrate judge also recommended that Mr. Johnson's claims against defendant Angela Miree be dismissed without prejudice. (Doc. 45 at 16).  On August 5, 2021, the Court received Mr. Johnson's objections, timely dated July 26, 2021.  (Doc. 46).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CRIM. P. 59(b)(3) ("The district judge must consider *de novo* any objection to the magistrate judge's recommendation."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

Mr. Johnson objects to the magistrate judge's finding that the disciplinary proceedings against him did not violate his Fourteenth Amendment due process rights. (Doc. 46; *see* Doc. 45, pp. 14-16). Mr. Johnson asserts that contradictions in the disciplinary reports demonstrate their falsity, so Warden Pickens should not have approved them. (Doc. 46, pp. 1-2). Mr. Johnson explains that while the two alleged actions happened in two separate locations, the disciplinary reports reflect that both events happened at 3:25 p.m. at the South Unit. (Doc. 46, p. 1; *see also* Doc. 30-3, p. 1; 30-4, p. 1). He states that Warden Pickens's approval of those actions violated Administrative Regulation 403. (Doc. 46, p. 2).

Procedural due process for prisoners facing disciplinary actions requires: "(1) advance written notice of the claimed violation; (2) a written statement of the fact

finders as to the evidence relied upon and the reasons for the disciplinary action taken; and (3) an opportunity to call witnesses and present documentary evidence in defense, when to do so would not be unduly hazardous to institutional safety or correctional goals." *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974); *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011).  Mr. Johnson does not contend that he did not receive these protections; he contends that the fact that the two disciplinary reports failed to accurately reflect where and when each alleged infraction occurred, demonstrates they were a cover up for excessive force.  (Doc. 46, pp. 1-2).

    As the magistrate judge explained in his report, because Mr. Johnson had the opportunity to present this defense in his disciplinary proceedings, he has received the process available to him.  (Doc. 45, p. 16).  A prisoner does not have a right to procedural due process in the absence of a protected liberty interest.  *Wilkinson v. Austin*, 545 U.S. 209, 221, (2005) ("We need reach the question of what process is due only if the inmates establish a constitutionally protected liberty interest . . . ."); Michael B. Mushlin, 2 Rights of Prisoners § 10:3 (5th ed. Sept. 2020 Update) ("[U]nder the Fourteenth Amendment, an inmate is entitled to due process procedural protections only when prison officials move to deprive him or her of a liberty or property interest protected by the Fourteenth Amendment.  If prison officials impose punishments that do not deprive inmates of a liberty or property interest, there is no right to procedural protections, and prison officials as a

constitutional matter may or may not provide whatever procedures they wish."). The Supreme Court has identified two categories of liberty interests mandating procedural due process protections: (1) when a deprivation exceeds the prisoner's sentence in an unexpected manner, i.e., "it was 'qualitatively different' from the punishment characteristically suffered by a person convicted of crime," or (2) when the deprivation of a state-created liberty interest "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 479 n. 4, 484 (1995).

Here, Mr. Johnson received disciplinary segregation for 30 days, plus loss of outside privileges, canteen privileges, and telephone privileges, also for 30 days. This discipline does not exceed his sentence in an unexpected manner so as to trigger a due process liberty interest. *See Sandin*, 515 U.S. at 479 n. 4 (The "Due Process Clause itself confers a liberty interest in certain situations," such as transfer from a prison to a mental facility and forced administration of psychotropic drugs.) (citing *Vitek v. Jones*, 445 U.S. 480 (1980); *Washington v. Harper*, 494 U.S. 210 (1990)); 2 Rights of Prisoners § 10.12 ("Two other situations in which the Court has indicated that due process protections are available irrespective of whether or not there is a state-created liberty interest are revocation of probation and revocation of parole status. Another example of this is found in opinions in the Fifth and Ninth Circuits which held that labeling an inmate a sex offender is comparable to a commitment to

a mental institution.") (citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Morrissey v. Brewer*, 408 U.S. 471 (1972); *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004); *Neal v. Shimoda*, 131 F.3d 818 (9th Cir. 1997)) (footnotes omitted); *see also id*. at § 10.12 ("Other punishments would fit if they meet the standards specified above.") (citing *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996) (four-point restraints constituted significant deprivation); *Williamson v. Stirling*, 912 F.3d 154 (4th Cir. 2018) (Long-term detention in solitary confinement--even when imposed for security reasons--justifies some level of procedural protection. Petitioner had been in solitary confinement for over three years)).

As for a state-created liberty interest affording due process protections, 30 days does not present the type of atypical or significant deprivation necessary for procedural due process to attach. *Sandin*, 515 U.S. at 486 (30 days of disciplinary segregation was not an atypical, significant deprivation, did not increase the duration of the sentence, and thus did not give rise to a protected liberty interest); *Overton v. Bazzetta*, 539 U.S. 126, 136-37 (2003) (withdrawal of privileges for a limited period is not a dramatic departure from accepted standards and conditions of confinement); *Rodgers v. Singletary*, 142 F.3d 1252, 1252-53 (11th Cir. 1998) (two months of administrative confinement did not implicate a protected liberty interest); *Anthony v. Warden*, 823 Fed. Appx. 703, 706-07 (11th Cir. 2020) (25 days disciplinary segregation followed by administrative segregation did not invoke due process

protections); *Fuller v. Gates*, 656 Fed. Appx. 944, 946 (11th Cir. 2016) (loss of telephone and visitation privileges for 45 days "did not impose an 'atypical and significant hardship' on the prisoner"); *Moulds v. Bullard*, 452 Fed. Appx. 851, 854-55 (11th Cir. 2011) (temporary loss of privileges and disciplinary confinement did not constitute the deprivation of a constitutionally protected liberty interest which would entitle the plaintiff to procedural due process); *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017) (loss of privileges for 30 days did not "implicate due process concerns").

The 30-day disciplinary segregation does not appear to have affected the duration of Mr. Johnson's sentence. *See Sandin*, 515 U.S. at 487. *See e.g., Delgiudice v. Primus*, 679 Fed. Appx. 944, 948 (11th Cir. 2017) ("[W]hen disciplinary segregation or solitary confinement basically mirrors the conditions imposed on inmates in administrative segregation and protective custody, it does not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."). Because Mr. Johnson's confinement to disciplinary segregation is not a "type of atypical, significant deprivation" under *Sandin,* even if his disciplinary hearing failed to meet the requirements of *Wolff,* no procedural due process violation occurred.

Mr. Johnson's assertion that Warden Pickens violated Administrative Regulation 403 does not open the door to a due process claim. Violation of state

administrative procedures, without more, does not amount to a violation of the Constitution. *Hilderbrandt v. Butts*, 550 Fed. Appx. 697, 700 (11th Cir. 2013) ("Federal due process does not require that state prison officials strictly comply with administrative regulations governing disciplinary hearings in the prison setting."). A claim based on a prison official's failure to follow prison regulations or state regulations does not state a claim for deprivation of a constitutional right. *Lewis v. Sec'y of Pub. Safety and Corr.*, 870 F.3d 365, 369 (5th Cir. 2017) (holding prison regulations do not alone create federally protected rights); *see also Smith v. State of Georgia*, 684 F.2d 729, 732 n.6 (11th Cir. 1982) ("[N]ot every violation by a state agency of its own rules rises to the level of a due process infringement.").

Having considered the materials in the Court's electronic docket for this case, including the report and recommendation and Mr. Johnson's objection, the Court overrules the objection, adopts the magistrate judge's report, and accepts his recommendation. Accordingly, the Court dismisses Mr. Johnson's claims against defendant Angela Miree without prejudice.

The Court grants the defendants' motion for summary judgment (Doc. 24) as to Mr. Johnson's claims for violation of his due process rights and as to Mr. Johnson's excessive force claims against defendants Leon Bolling and Errol Pickens. The Court denies the defendants' motion for summary judgment as to Mr. Johnson's excessive force claim against defendants Roderick Gadson, Keller

7

Speaks, and Corey Fox. The Court refers that remaining claim to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this August 20, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE